UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DUANE EDWARD WICKER (4),<br><br>　　　　　Defendant. | No. 02-CR-0624-L<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PRODUCTION OF DOCUMENTS PURSUANT TO 28 U.S.C. § 753(F)**<br><br>[Doc. No. 187] |

　　　Defendant Duane Edward Wicker has filed a motion requesting the Court to order his former attorney[1] to provide Defendant with his indictment, trial transcripts, sentencing transcripts, and all motions filed on Defendant's behalf in order for Defendant to prepare for the filing of a motion under 28 U.S.C. § 2255. Defendant contends that such relief is warranted pursuant to 28 U.S.C. § 753(f) and *United States v. MacCollom*, 426 U.S. 317 (1976) (plurality). Neither of these authorities, however, authorize the Court to compel the production of

---

[1] Defendant refers to his former counsel as "retained," but Court records indicate that his attorney was appointed to represent him during trial and on appeal. Defendant's conviction was affirmed by the Ninth Circuit Court of Appeals in a memorandum decision dated October 21, 2005.

documents from a third party.[2]

Under 28 U.S.C. § 753(f), an indigent defendant is entitled to transcripts at government expense in a 28 U.S.C. § 2255 proceeding if the trial judge or a circuit judge certifies that the suit is not frivolous and that the transcript is needed to decide the issue presented by the suit. The Supreme Court upheld the constitutionality of this provision in *MacCollom* by concluding that the conditions required by the statute comport with fair procedure and afford indigent persons adequate opportunity to attack their convictions on collateral review. *Id.* at 326.

Section 753(f) does not authorize the district court to order payment for transcripts if the defendant has not yet filed a collateral attack on his conviction or sentence under § 2255. *See United States v. Connors,* 904 F.2d 535, 536 (9th Cir. 1990) (per curiam) (deciding that an indigent defendant is not entitled to transcripts at government expense until after a habeas petition is filed). Therefore, even under the most liberal construction of Defendant's motion, Defendant would not be entitled to free transcripts under § 753(f) because he has not yet filed a motion pursuant to 28 U.S.C. § 2255. Furthermore, Defendant has made no showing that he is indigent, that such a motion is not frivolous, and that the transcript is needed to decide an issue presented by the motion, all of which are necessary conditions for obtaining a transcript at government expense under 28 U.S.C. § 753(f). Accordingly, Defendant's Motion for Production of Documents, Transcripts, Etc., Pursuant to 28 U.S.C. § 753(f) is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 11, 2006

M. James Lorenz
United States District Court Judge

COPY TO:

ALL PARTIES/COUNSEL
VICTOR TORRES, ESQ.

---

[2] Although former counsel may perhaps have an ethical obligation to release Defendant's case papers, *see* Rule 3-700(D)(1),California Rules of Professional Conduct, this is not the appropriate forum to address such a claim. However, the Court would encourage former counsel to communicate with Defendant regarding his request for documents in counsel's possession which pertain to Defendant's case.